## Case No. 8,446.

### LOCKHART et al. v. HORN et al.

[3 Woods, 542.][1]

Circuit Court. S. D. Alabama. June Term. 1877.

EXECUTOR—SETTLEMENT OF ESTATE—STATUTE OF LIMITATIONS—CONFEDERATE STATES' BONDS—FINDINGS OF MASTER.

1. A bill in equity was filed in the circuit court by certain legatees of a testator against the executor and other legatees, as defendants, to compel a settlement of the estate and a distribution of its proceeds among those entitled thereto. A final decree in accordance with the prayer of the bill was made establishing the amount due the complainants, and ordering its payment and allowing the legatees who were defendants to propound their claims by petition. In accordance with the decree, two of the defendant legatees filed petitions propounding their claims: Held, that the running of the statute of limitations against them was suspended by the filing of the original bill.

2. The only effect of a decree pro confesso is to enable the case to be proceeded with ex parte against the defendant as to whom it is taken. Unless followed by a final decree, it settles no rights.

3. An executor is not discharged from the payment of interest on a principal sum found due from him by the probate court, by showing that he invested the money in Confederate bonds and received no interest, if the investment was made under such circumstances as did not relieve him from the payment of the principal.

4. The presumptions are in favor of the findings of the master. They will not be disturbed, unless shown to be erroneous.

5. It is not according to equity practice to institute upon a petition filed after final decree a new train of pleadings. The only purpose to be subserved by such a petition is to bring the claim of the petitioner to the notice of the court or master.

Heard on exceptions to master's report upon the petition filed by Frances L. Bryan and Elizabeth P. Nabors. The original case was a bill filed in this court on February 15, 1867, by William Lockhart and Sarah Lockhart his wife, and Narcissa Lockhart, two of the heirs and legatees of John Horn, deceased, against John A. C. Horn, as executor of said John Horn, and as one of his heirs and legatees, and Leonidas L. Bryan, and Frances L. Bryan, Belton O. Nabors and his wife Elizabeth P. Nabors, Wm. McPhail and his wife Mary McPhail, heirs and legatees of said John Horn, deceased, and against John D. Alexander as surety on the bond of John A. C. Horn, as executor of John Horn, and as the administrator of Joseph M. Alexander, who was also a surety on the bond of John A. C. Horn, as administrator ad colligendum, and against S. S. King as the administrator of N. B. Leseuer, who was also a surety on Horn's bond. The bill sought to set aside the probate of the will of said John Horn, deceased, but was chiefly for a settlement and distribution of the estate of said John Horn in the hands of John A. C. Horn, as executor. The prayer of the bill was that the will of John Horn, deceased, be set aside, and that his estate be settled and distributed without reference thereto, etc., or if the will is not set aside, that John A. C. Horn, as executor, be held to account with complainants and the other legatees and devisees under the same, for his execution thereof, and that it be referred for an account, and that a decree be rendered against Horn and his sureties for whatever sum the said John A. C. Horn shall be found to be in arrears with the estate of John Horn, deceased. The prayer further was "that the court will take full and entire jurisdiction of the settlement of said estate of said John Horn, and proceed to distribute the same to all persons entitled thereto under the law as the same may be determined by this honorable court, and that all accounts and equities subsisting between said John A. C. Horn and other persons entitled to said estate growing out of his administration of the same, to be fully and finally adjusted and settled." McPhail and wife answered that John A. C. Horn had never accounted to Mary McPhail, and asked a settlement and decree for her share. John A. C. Horn answered fully, and decrees pro confesso were taken against all the parties, including Frances L. Bryan and Elizabeth P. Nabors. On the final hearing the bill was dismissed as to McPhail and wife, and so much of it as related to the setting aside and invalidating the will of John Horn was also dis-

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

missed. The court then decreed: "It is further ordered, adjudged and decreed that the defendant John A. C. Horn do pay to the complainants respectively (that is, to the two Lockharts), in the lawful money of the United States, the several amounts which were adjudged to be due to them by the decree of said probate court, made on the second day of May, 1864, together with lawful interest thereon from said date to the date of this decree (naming the specific amounts found by the decree of 1864); and it is further ordered, adjudged and decreed that the remaining defendants be authorized to make application for such order and relief as they may be entitled to ask on the principles of this decree," etc. A decree pro confesso was taken against John D. Alexander on the original bill on the 14th January, 1870, but the same was never made absolute; and no decree was made against him in the final decree.

This decree of the circuit court was affirmed by the supreme court of the United States on appeal; and the decrees in favor of the Lockharts fully paid off and satisfied. The case in the circuit court is reported in [Case No. 8,445], and in the supreme court in 17 Wall. [84 U. S.] 570. After the mandate of the supreme court came down on April 1, 1874, Frances L. Bryan, Elizabeth P. Nabors and McPhail and wife filed their petition in this court asking the court to grant them leave to present and establish their claims against said John A. C. Horn and John D. Alexander and the other sureties on the bond of John A. C. Horn, for the amounts ascertained to be due them respectively by the decrees of the probate court of Marengo county of May, 1860, and May, 1864. To these petitions John D. Alexander, as an individual and as administrator of Joseph M. Alexander, filed demurrers setting up the statute of limitations of six years against both decrees. He afterwards also filed answers setting up the statute of limitations to all the petitions, and to the petition of Frances L. Bryan that she has been paid in full. The petitions and claims of F. L. Bryan and Elizabeth P. Nabors were referred to a master with instructions to hear the parties and take further evidence, etc. McPhail and wife's petition was not referred, the chancellor considering that they did not come within the words "remaining defendants" who were given leave to make application under the decree. The whole case arising on the petitions was considered by the master, and the petitioners claimed the balances due by the decrees of May, 1860 and 1864. The master held, against the objection of Alexander, that the reference embraced as well the decree of 1860 as that of 1864, and stated the account as though the decree of this court re-opened all the settlements in the probate court. He, therefore, reported as due Mrs. Nabors, on the decree of the probate court of May, 1864, the sum of $2,506.30, including interest. He reported as due Mrs. Bryan on the settlements made by Horn in the probate court in May, 1860, and May, 1864, with interest, after deducting all credits allowed to Horn, with interest, the sum of $4,729.12. Exceptions were filed to the master's report by Mrs. Bryan, by Horn, and by Alexander. The exceptions are noticed in the opinion of the court.

John T. Morgan, Wm. Boyles, and James W. Lapsley, for petitioners.

John Little Smith, Thos. H. Herndon, and S. J. Cumming, for Horn and Alexander.

WOODS, Circuit Judge. So far as the petition of McPhail and wife is concerned, it must be dismissed, because by the terms of the decree it was only to the parties remaining after the dismissal of the bill as to McPhail and wife that the privilege was given to make application for such order and relief as they might be entitled to ask, on the principles of the decree. The exceptions filed by Alexander to the report of the master on the claims of Mrs. Bryan and Mrs. Nabors, are based on the ground that they are barred by the limitation of six years prescribed by paragraph six, of section 2901 of the Revised Code of Alabama, cannot prevail. The provision of the statute referred to is as follows: "Actions against the sureties of executors, administrators or guardians, for any misfeasance or malfeasance whatever of their principal, the time to be computed from the act done, or omitted, by their principal, which fixes the liability of the surety," must be brought within six years. Alexander claims that his liability arose from this fact, only that he was the surety on the bond of Horn as executor; that the default of Horn dates from the decree of the probate court against him, rendered in 1864, and that, as the petitions of Mrs. Bryan and Nabors, in this case, were not filed until April, 1874, their claims are barred by the statutory provision aforesaid. But it seems clear that the running of the statute was interrupted by the filing of the original bill in this case, on the 15th of November, 1867. The bill was filed, in effect, for all the distributees of the estate. It prayed "that said pretended will be set aside, etc., and that the defendant John A. C. Horn might be held to full and just account for all property and money, rents and accumulations of said estate, with those persons entitled to distribution and inheritance thereof. Or, if said will is not set aside, that said John A. C. Horn, as executor thereof, be held to account with orators and the other legatees and devisees under the same, for his execution thereof," etc.

The court, by its decree, dismissed so much of the bill as assailed the validity of the will of John Horn, and adjudged that the defendant John A. C. Horn pay to the complainants the sums found to be due to them respectively by the decree of the pro-

bate court of May 2, 1864, and reserved the right to the remaining defendants, who are now these petitioners, to make application for such order and relief as they might be entitled to ask on the principles of the decree. As soon as this decree was finally affirmed by the supreme court of the United States, these petitions were filed. It cannot be possible that while this bill was pending, seeking to call this defendant Horn to account to all the legatees under the will of John Horn, a part of said legatees being complainants, and a part defendants, to the bill, that the statute of limitations was running against those who happened to be defendants. It is even immaterial whether the petitioners whose application is now under consideration, were complainants or defendants. The bill inured to their benefit, and it was so decreed by the court. In the case of Payne v. Hook, 7 Wall. [74 U. S.] 425, the supreme court says: "A court of equity adapts its decree to the necessities of each case, and should the present suit terminate in a decree against the defendant, it is easy to do substantial justice to all the parties, and prevent a multiplicity of suits by allowing the other distributees, either through a reference to a master, or by some other proper proceeding, to come in and share in the benefit of the litigation." That is what has been done here. No new parties have been made—no new liabilities suggested. The only purpose of the application of these petitioners is to ascertain the amount due them, on the principles of the decree made on the original bill. The language of a decree in chancery must be construed with reference to the issue which is put forward by the prayer for relief, and other pleadings, and which thus show what it was meant to decide. Graham v. La Crosse & M. R. Co., 3 Wall. [70 U. S.] 704.

To allow the defendants to the original bill to claim that, while the litigation was proceeding against them in the main cause, the statute of limitations was running against all the distributees who were not complainants in the bill, is not founded on any sound theory of the statute. But while Alexander cannot set up, successfully, the statute of limitations, there is another ground suggested in his brief, on which he can resist the rendition of any decree against him in favor of either Mrs. Bryan or Mrs. Nabors, and that is, that there is no decree rendered against him in the main suit. The circuit court rendered a decree against John A. C. Horn, but none against Alexander. The decree against Horn was appealed from, and affirmed by the supreme court. That is an end of the main cause. There was no decree absolute against Alexander in the main cause. For some reason which does not appear, the court did not hold him liable upon the case made by the original bill, and the decree pro confesso against him. The effect of the

decree pro confesso against him was simply to enable the case to be carried on as to him ex parte. Frow v. De La Vega, 15 Wall. [82 U. S.] 552. After the affirmance of the decree of the circuit court by the supreme court, the case, as far as it concerned Alexander, was just as effectually disposed of as if the bill had been dismissed as to him. Now the petitioners, Mrs. Bryan and Mrs. Nabors, are authorized to make application for such order and relief as they may be entitled to ask on the principles of the decree in the main cause. That decree held Horn liable, but discharged Alexander. The petitioners are, therefore, entitled to ask a decree only against Horn, for such sums, respectively, as they may show themselves entitled to. They have no remedy against Alexander, because the court, in the main cause, made no decree against him. As soon as the case got beyond the reach of amendment by the affirmance of the decree of the circuit court, Alexander was effectually out of court, and the petitioners could have no relief against him, save by a new suit. Whatever decrees, therefore, are rendered in favor of the petitioners, must be against Horn alone.

It remains to consider the exception filed by Horn to the master's report. The first exception is to the allowance of interest on the decrees of May 21, 1860, and of May 2, 1864, in favor of Mrs. Bryan. But the decree in the main case allowed interest against Horn, in favor of the original complainants. The opinion of the court was that the investment made by Horn, as alleged in his answer, of the funds of the estate in Confederate States' bonds, and their deposit by him with the probate judge, was no payment, and did not effect the discharge of Horn from his liability. He still owed the amount of the decree of the probate court, and was, of course, liable to the payment of interest thereon. The fact which Horn alleges, by affidavit, that he received no interest, does not excuse him from the payment of interest. He was chargeable with interest from the date of the decrees until they were paid. He cannot excuse himself from the payment of interest by showing that he invested the fund in Confederate bonds, from which he received no interest. Such an investment does not discharge the principal, as this court has already decided, and it does not, therefore, discharge the interest. It is claimed, as an additional reason why no interest should have been allowed Mrs. Nabors, that the will of John Horn provided that if she should die childless the bequest to her should go to her brothers and sisters, and her present or future husband should have no part in it. It is, therefore, insisted by Horn that he could not, with safety, pay the money to Mrs. Nabors or into the probate court, until she had secured the same to the parties entitled there-

to, in case she died childless. No reason is perceived why he could not have safely paid the fund into the probate court. Such a payment would have exonerated him completely. He failed to do this. He kept the money himself, and he is, therefore, properly chargeable with interest.

Exception is taken by Horn to the allowance by the master, to Mrs. Bryan, of $2,700, the amount of the decree of May 21, 1860, because that decree had been settled and closed by a proceeding by her and her husband, in the probate court of Marengo county. Alabama, and the appeal therefrom to the supreme court. The proceeding of Mrs. Bryan and her husband, as appears by the report of the case in 42 Ala. 496, was a motion made to the probate court in 1867, to revise and amend the decree of 1860. The supreme court decided that, after the final settlement in 1864 by the executor of the estate, the jurisdiction of the probate court ceased, and that the party's remedy, if he had any, was in chancery. This, clearly, cannot be considered as a final disposition of the rights of Mrs. Bryan, under the decree of 1860. The master disallowed the claim of Horn against Mrs. Bryan for board for herself and children, and of the sum of $276 paid Modawell. These disallowances of the master seem to be sustained by the evidence. At all events, the presumption is in favor of the conclusions of the master, and nothing has been advanced to convince the court that the master has erred in these disallowances. They will not be disturbed unless shown to be erroneous. The same remarks apply to the exceptions filed by Mrs. Bryan.

The result is, that all the exceptions taken by Horn to the report of the master, and also the exceptions taken by Mrs. Bryan, must be overruled. There will be decrees entered in favor of Mrs. Bryan and Mrs. Nabors, against John A. C. Horn, for the sums found due to them respectively. The petitions, so far as they concern Alexander, will be dismissed. It may be well to add, that the taking of decrees pro confesso, on the petitions filed by Mrs. Bryan and Mrs. Nabors, and the filing of answers to such petitions, setting up objections to the claims made in the petitions, was an unnecessary and improper procedure. It is not the practice in equity, after final decree, to institute a new train of pleading. The only purpose to be subserved by filing petitions is to bring the claim of the petitioners before the master. All objections to the relief sought by the petition should be made before him.

[NOTE. This case was subsequently heard upon actions at law brought by Frances L. Bryan and Elizabeth T. Nabors against the surety on the executor's bond. There were pleas of the statute of limitations and demurrers by the plaintiffs to the pleas. The demurrers were sustained. Case No. 2,064.]